# IN THE SUPREME COURT OF THE STATE OF NEVADA

DR PARTNERS, A NEVADA GENERAL
PARTNERSHIP, D/B/A STEPHENS
MEDIA GROUP,
Appellant,
vs.
LAS VEGAS SUN, INC., A NEVADA
CORPORATION,
Respondent.

No. 68700

**FILED**

MAY 19 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order denying a motion to compel arbitration. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Respondent Las Vegas Sun, Inc. (the Sun) publishes the *Las Vegas Sun* newspaper. Appellant DR Partners, d/b/a Stephens Media Group (Stephens), publishes the *Las Vegas Review Journal* newspaper (the RJ). In 1989, the Sun and Stephens' predecessor-in-interest, Donrey of Nevada, Inc., entered into a joint operating agreement (JOA) to produce and distribute the two newspapers. The 1989 JOA required the RJ to pay the Sun a portion of the RJ's operating profit. In 2005, the Sun and Stephens amended and restated the JOA, which has been in effect since that time. The amended JOA required each newspaper to bear its own editorial costs. It also set out a new formula for calculating the amount that the RJ would pay the Sun, provided a mechanism for the Sun to audit the books and records used by the RJ to calculate those payments, and required disputes regarding the amount of those payments to be subject to arbitration.

16-15833

In March 2015, the Sun filed a complaint against Stephens for declaratory relief and specific performance of the JOA. After the district court granted a motion by Stephens to compel arbitration, the Sun amended its complaint, this time seeking only declaratory relief as to the meaning of the provision of the JOA requiring the newspapers to bear their own editorial costs. The Sun then filed a motion for summary judgment on its amended complaint.

On the same day that the Sun filed its motion for summary judgment, Stephens filed a renewed motion to compel arbitration. The district court denied Stephens' motion but stayed the proceedings to allow Stephens to appeal.

On appeal, Stephens raises the following issue: whether the district court erred by denying Stephens' motion to compel arbitration because the issue raised by the Sun in its amended complaint is arbitrable under the JOA.

*The dispute is subject to arbitration*

Stephens argues that the Sun's amended complaint falls within the arbitration clause of the JOA, which requires arbitration of disputes over the amount paid to the Sun under the JOA. Therefore, the district court erred when it denied Stephens' renewed motion to compel arbitration.

The Sun argues that the arbitration provision is narrowly tailored to factual accounting disputes, and the current dispute, which involves legal questions of contract interpretation, is outside the scope of the provision.

Section 4.2 of the JOA states:

News and Editorial Allocations. The [RJ] and the Sun shall each bear their own respective editorial

costs and shall establish whatever budgets each deems appropriate.

The Sun's amended complaint seeks declaratory judgment as to the meaning of Section 4.2.

Appendix D of the JOA refers to the payments that are owed to the Sun by the RJ under the JOA, including how those payments are to be calculated, how the Sun can audit the books and records used to calculate those payments, and how disputes regarding the calculation of those payments may be resolved. In relevant part, Appendix D states:

> [The RJ] shall calculate the percentage change . . . between the earnings, before interest, taxes, depreciation and amortization ("EBITDA") [of the prior year and the year before the prior year]. . . .
>
> . . . [The] Sun shall have the right . . . to appoint [a] certified public accounting firm or law firm as [the] Sun's representative to examine and audit the books and records of the [RJ] and the other publications whose earnings are included in EBITDA for purposes of verifying the determinations of the changes to the Annual Profit Payments. . . . If as a result of such an audit, there is a dispute between [the] Sun and the [RJ] as to amounts owed to [the] Sun and they are not able to resolve the dispute within 30 days, they shall select a certified public accountant to arbitrate the dispute. . . . The arbitrator shall make an award to [the] Sun in the amount of the arrearage, if any, found to exist . . . .

Whether a dispute is subject to arbitration is an issue of contract interpretation that this court reviews de novo. *Clark Cty. Pub. Emps. Ass'n v. Pearson,* 106 Nev. 587, 590, 798 P.2d 136, 137 (1990). "In Nevada, disputes concerning the arbitrability of a subject matter are resolved under a presumption in favor of arbitration." *City of Reno v. Int'l*

*Ass'n of Firefighters, Local 731*, 130 Nev., Adv. Op. 100, 340 P.3d 589, 593 (2014). "Courts should therefore order arbitration of particular grievances unless it may be said with *positive assurance* that the arbitration clause is not susceptible of *an* interpretation that covers the asserted dispute." *Id.* (internal quotations omitted).

### *Shy v. Navistar International Corp.*

In deciding this case, we find the Sixth Circuit Court of Appeals' decision in *Shy v. Navistar International Corp.*, 781 F.3d 820 (6th Cir. 2015), to be instructive. In *Shy*, Navistar entered into an agreement and consent decree that obligated it to make yearly profit-sharing payments to a trust for retired Navistar employees. *Id.* at 822. The methods for calculating and enforcing Navistar's obligation were outlined in an appendix to the agreement and decree. *Id.* Within the appendix was a section requiring "a regular report by Navistar to the [trust] of financial information necessary to confirm that Navistar was making contributions in the amounts required by the [appendix]." *Id.* at 822-23. That section also contained an arbitration provision requiring disputes over the information or calculations provided by Navistar to be subject to binding arbitration by an accountant. *Id.* at 823. The trust filed a complaint against Navistar, alleging that "Navistar had manipulated its corporate structure and accounting analysis to eliminate its profit-sharing obligations" in violation of the appendix to the agreement and consent decree. *Id.* at 824. Navistar moved to dismiss the complaint, arguing that all of the trust's claims were subject to arbitration. *Id.*

The Sixth Circuit held that because the claims in the trust's complaint were "disput[ing] the categorization of various aspects of Navistar's business in the reports Navistar provide[d]," the trust was essentially "disputing the 'information' provided by Navistar." *Id.* at 825.

Therefore, because the arbitration agreement applied to disputes of information or calculations, the trust's complaints were subject to arbitration. *Id.*

The Sixth Circuit also weighed in on whether the fact that the terms of the arbitration provision, which stated that an accountant would be selected as arbitrator, indicated that the provision only applied to questions of accounting and not to questions of contract interpretation, which would involve questions of law. *Id.* at 825-26. First, it held that while

> the accountant-based nature of the dispute resolution procedure at most creates some ambiguity as to whether the scope of disputes over "information or calculation[s]" was intended to be restricted to disputes in which no legal analysis whatsoever might be necessary[,] . . . the otherwise unqualified language of the agreement trumps any assumption that the parties would not have committed legal disputes to an accountant's resolution.

*Id.* (first alteration in original). Second, the *Shy* court held that "the contract disputes involved in the [trust]'s classification-based arguments are relatively simple and closely related to [the subject of] accounting; it is reasonable to suppose that the parties to the agreement intended such disputes to be arbitrated." *Id.* at 826. Therefore, because the issues raised by the trust "were at least arguably included in the arbitration clause[,]" "the strong federal policy in favor of arbitration resolves any doubts as to the parties' intentions in favor of arbitration." *Id.* at 827.

The contract in *Shy* is very similar to that of the JOA in the current case in that (1) both require yearly payments according to a formula provided in an appendix; (2) both allow for the information used to calculate the payments to be provided to the party receiving the

Supreme Court
OF
Nevada

(O) 1947A

payments—the trust in *Shy* automatically received a report containing this information every year while in the current case the Sun must request an audit to be performed of the RJ's books; (3) both require that disputes arising from the report or audit are to be arbitrated, although in *Shy* the clause referred to disputes over information or calculations while the clause in the current case refers to disputes "as to amounts owed to [the] Sun"; and (4) both state that an accountant shall act as the arbitrator. *Id.* at 822-23, 825.

We therefore hold that, like *Shy*, by disputing the meaning of the provision of the JOA requiring the newspapers to bear their own editorial costs, the Sun is essentially disputing the "amounts owed to [the] Sun" pursuant to an audit under Appendix D of the JOA. We also hold that this dispute is "relatively simple and closely related to [the subject of] accounting" and that "it is reasonable to suppose that the parties to the agreement intended such disputes to be arbitrated." *Id.* at 826. Thus, although the accountant-based arbitration provision in the JOA creates some ambiguity as to whether it "was intended to be restricted to disputes in which no legal analysis whatsoever might be necessary," we conclude that the "otherwise unqualified language of the agreement" and "the strong federal policy in favor of arbitration" suggest that the current dispute is subject to arbitration. *Id.* at 825, 827.

*Conclusion*

By disputing whether each newspaper should bear its own editorial costs, the Sun is essentially disputing the amounts owed to it under the JOA and therefore the dispute falls within the scope of the JOA's arbitration provision. Furthermore, because this dispute is relatively simple and closely related to the subject of accounting, it is reasonable that the parties to the agreement intended it to be arbitrated.

Lastly, any ambiguity in the arbitration provision should be resolved in favor of arbitration. Therefore, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

_____, J.
Gibbons

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
Ara H. Shirinian, Settlement Judge
Morris Law Group
Lewis Roca Rothgerber Christie LLP/Reno
Moran Brandon Bendavid Moran
Eighth District Court Clerk

---

[1]The Honorable Ron D. Parraguirre, Chief Justice, and the Honorable Kristina Pickering, Justice, voluntarily recused themselves from participation in the decision of this matter.